NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HERSCHELL LYON BECKER, <br><br> Defendant-Appellant. | No. 16-30254 <br><br> D.C. No. 3:15-cr-00021-SLG-1 <br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOHN ASHFORD BECKER, AKA Jack Becker, <br><br> Defendant-Appellant. | No. 16-30256 <br><br> D.C. No. 3:15-cr-00021-SLG-2 |

On Appeal from the United States District Court
for the District of Alaska,
Judge Sharon L. Gleason, Presiding

Argued and Submitted June 13, 2018
Anchorage, Alaska

Before: THOMAS, Chief Judge and CALLAHAN and BEA, Circuit Judges.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Herschell and John Becker were charged with bribery in violation of 18 U.S.C. § 201(b)(1) when they attempted to bribe an Air Force officer to accept deficient work that the Beckers' company had performed at Joint Base Elmendorf Richardson near Anchorage, Alaska. Herschell Becker pleaded guilty to three counts of bribery in violation of 18 U.S.C. § 201(b)(1) and was sentenced to 48 months imprisonment. Following a jury trial, John Becker was convicted of two counts of bribery in violation of 18 U.S.C. § 201(b)(1) and was sentenced to 24 months imprisonment.

The Beckers jointly appeal their sentences.[1] We apply a three-pronged standard of review to sentencing decisions under the Sentencing Guidelines. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017). We review the district court's identification and interpretation of the applicable Guidelines provisions de novo, the district court's factual findings for clear error, and the district court's application of the Guidelines to the facts it has found for an abuse of discretion. *Id*.

1. The district court did not err in calculating the amount of loss the Beckers intended to inflict for purposes of sentencing. The district court determined that the government did not suffer an actual loss as a result of the Beckers' conduct, but correctly proceeded to determine if the Beckers had intended to inflict a loss on the

---

[1] Neither Appellant contests his guilt on appeal.

2

government. *See* U.S.S.G. § 2C1.1(b)(2); Application Note 3 to U.S.S.G. § 2C1.1; Application Note 3(A) to U.S.S.G. § 2B1.1. Next, the district court reasonably concluded that the Beckers subjectively intended to cause the government to accept their deficient work and, thus, subjectively intended to cause a "loss" equal to the cost to bring the Beckers' deficient work into compliance with the Air Force's standards. The district court rejected the Beckers' estimates of the cost to fix their work and accepted the testimony proffered by the government: that it would cost $850,000 to remedy the deficiencies with the Beckers' work. Contrary to the Beckers' arguments, the district court's order reflects that it carefully considered the evidence submitted by the Beckers and took their subjective knowledge and intent into account. As a result, we find no error in the district court's determination that the Beckers intended to inflict a loss of $850,000.

2. The district court did not abuse its discretion in sentencing Herschell Becker to 48 months, a downward departure from the Guidelines range of 57 to 71 months. The district court reasonably weighed the relevant mitigating and aggravating factors in arriving at its sentencing decision.

3. The district court did not abuse its discretion in sentencing John Becker to 24 months, a downward departure from the Guidelines range of 51 to 63 months. The district court reasonably weighed the relevant mitigating and aggravating factors in arriving at its sentencing decision.

3

**AFFIRMED.**